Arouh v Rosenfeld (2020 NY Slip Op 06007)





Arouh v Rosenfeld


2020 NY Slip Op 06007


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 652326/15 Appeal No. 12168 Case No. 2019-4774 

[*1]Michael B. Arouh, Plaintiff-Respondent,
v
Shimon A. Rosenfeld, Defendant-Appellant.


Bronstein, Gewirtz & Grossman, LLC, New York (Edward N. Gewirtz of counsel), for appellant.
Press Koral LLP, New York (Matthew J. Press of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered April 29, 2019, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly denied because the record raises issues of fact as to whether the 2009 note, which plaintiff seeks to enforce, was forged, and whether or not it constitutes the requisite writing under General Obligations Law § 17-101.
Defendant presents evidence that the 2009 note was forged, given, among other things, plaintiff's inability to produce an original (and belated assertion that he never actually had an original), and his failure to offer expert evidence to rebut the conclusions of defendant's forensic expert. The forensic expert, based on findings that the signature on the 2009 note appeared to be a nonoriginal signature entry, concluded it was a cut-and-paste job from an unknown source. However, under the circumstances — which include defendant's admitted borrowing of funds from plaintiff, his inability to produce records reflecting repayment of amounts owed, emails where he expresses surprise that his outstanding balance is not zero but does not categorically reject that he owes money, the suspicious absence of any emails from July 2009 (the month of the disputed 2009 note), and the fact that the forensic expert has not yet been cross-examined —denial of summary judgment was the proper course.
The court's drawing of an adverse inference against defendant based on missing July 2009 emails was a provident exercise of discretion, and defendant's argument that he had no obligation to preserve such emails is unavailing (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 36 [1st Dept 2012]). In any event, the missing July 2009 emails were but one ground the court cited for denying summary judgment; it was at least as concerned about the ambiguities presented in the parties' June 26, 2009 emails and, in particular, to those emails' reference to a "prior loan."
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020